UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY NEFF, #16368-045,

    Petitioner,

                                      Civil No: 07-CV-13562
                                      Honorable Lawrence P. Zatkoff
                                      Magistrate Judge Charles E. Binder

v.

L.C. EICHENLAUB,

    Respondent.
_____/

## OPINION & ORDER GRANTING RESPONDENT'S
## MOTION TO DISMISS HABEAS PETITION

Petitioner, Joey Neff, is a federal prisoner who is presently confined at the Federal Correctional Institution (FCI), Milan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit against his current federal sentence for time he spent in state-prison custody with the Missouri Department of Corrections (i.e., "nunc pro tunc" designation). Pending before the Court is Respondent's "Motion to Dismiss Petition for Writ of Habeas Corpus" where it is claimed that the habeas petition is moot as there is no longer any case or controversy between the parties. For the reasons set forth below, the Court will grant Respondent's Motion and dismiss Petitioner's habeas petition as moot.

### I. BACKGROUND

Petitioner was arrested on July 5, 2003, by the Lake Winnebago, Missouri Police Department for second-degree burglary. "Based upon the primary jurisdiction of state authorities, [Petitioner] was committed to the Missouri Department of Corrections." (Mot., Ex. 4, pg. 1). Petitioner was subsequently convicted on February 12, 2004, of being a felon in possession of a firearm in violation

of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e) in the United States District Court for the Western District of Missouri. He was sentenced to a 188-month term of imprisonment with a projected release date of April 29, 2019.

> At the time the federal sentence was imposed, [Petitioner] was under the primary jurisdiction of Missouri state authorities and in federal custody pursuant to a federal writ. The Federal Judgment and Commitment Order was silent regarding any relationship with any impending state sentence. Following sentencing, [Petitioner] was appropriately returned to Missouri authorities.
>
> The U.S. District Court Judgment was filed as a detainer by the United States Marshals Service. On February 23, 2004, [Petitioner] was sentenced to a 7-year term for Second Degree Burglary. The state court ordered this term to run concurrently with his federal sentence. On September 6, 2005, [Petitioner] completed the state sentence and was released to the custody of the U.S. Marshals Service, to commence the service of his federal sentence as provided by Title 18 U.S.C. § 3585(a).
>
> [Petitioner] now requests credit toward his federal sentence for the time which he spent in state custody . . .

*Id.* On August 16, 2007, Petitioner signed his application for writ of habeas corpus. It was actually filed with the Court on August 24, 2007.

## II. DISCUSSION

Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

2

Petitioner claims that pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), the Bureau of Prisons (BOP) should be compelled to make a "nunc pro tunc" designation of the Missouri Department of Corrections for service of his federal sentence. In an effort to resolve this matter, approximately one month after Petitioner filed his habeas petition with this Court, the BOP sent a letter to the Missouri federal district court judge who sentenced Petitioner, Judge Nanette K. Laughrey, requesting guidance on how to proceed with Petitioner's retroactive designation request. (Mot., Ex. 4, pg. 1). Judge Laughrey responded as follows in a letter dated October 1, 2007:

> In response to your letter dated September 20, 2007, regarding Mr. Joey Neff, the court if given the opportunity, would give Mr. Neff credit for time served in state custody. This was clearly the intent of the state court judge. The federal sentence is very long in comparison to the offense.

(Mot., Ex. 5). On October 19, 2007, Petitioner's sentence computation was modified to reflect a new projected release date of February 25, 2017, more than two years less than his original projected release date. Petitioner was notified of such by the BOP in a letter dated October 16, 2007:

> The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri has advised the Federal Bureau of Prisons that she has no objection to your federal sentence running concurrently to your state sentence, and recommends retroactive designation. In addition, based upon all relevant factors under Title 18 U.S.C. § 3621(b), you have been granted this designation.

(Mot., Ex. 6). Since Petitioner's retroactive designation has been granted and his sentence computation has been modified to reflect the change, there no longer exists a case or controversy in this matter, as Petitioner has received the relief he was seeking. Petitioner no longer suffers from an actual injury that the Court would redress with a favorable decision. Therefore, the habeas petition is dismissed as moot.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Respondent's "Motion to Dismiss Petition for Writ of Habeas Corpus" [Dkt. #4] is **GRANTED** and Petitioner's habeas petition is **DISMISSED** as **MOOT.**


                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: August 6, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 6, 2008.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290